# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce

Clerk

————————

No. 26-40126

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Olamide Olatayo Bello,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-136-1

———————————————————————

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Olamide Olatayo Bello of conspiracy to commit wire fraud and conspiracy to commit money laundering. The district court sentenced Bello to an aggregate sentence of 293 months' imprisonment. When imposing the sentence, the district court stated that it intended to order restitution but would leave the amount of that restitution undetermined for 90 days. Within that 90-day period, the government

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-40126

moved to amend the judgment to include $3,567,903 in restitution. The district court granted the government's motion and issued an amended judgment.

This is not an appeal from either the original judgment or the amended judgment. This appeal concerns three orders: (1) the district court's order denying Bello's post-judgment motion "for relief based on perjury and newly discovered evidence"; (2) the district court's order denying Bello's motion under Federal Rule of Appellate Procedure 10(c) to settle the record on appeal due to the unavailability of a sentencing transcript; and (3) the district court's order denying Bello's motion to reopen the time to file a notice of appeal of the amended judgment.

We lack jurisdiction to review the first order because Bello's motions were procedurally improper and not recognized by any rule or statute. *See SEC v. Novinger*, 96 F.4th 774, 776 (5th Cir. 2024) (concluding that we have no jurisdiction to review "a procedurally improper motion"). A "§ 2255 petition is the only available avenue to attack the original conviction." *United States v. Sanford*, 429 F.3d 104, 106 (5th Cir. 2005).

The appeal from the second order is moot. The district court's docket reflects that the clerk's office mailed Bello a copy of the sentencing transcript on June 1, 2026. That transcript is before us and is part of the record in each of Bello's appeals from his criminal case.

Bello's appeal from the third order should be consolidated with his appeal of the amended judgment. A defendant in a criminal case must file a notice of appeal "within 14 days after the later of [] the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). But a district court may grant a defendant an additional 30 days from the original deadline to file a notice of appeal upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). Here, Bello filed his notice of appeal of the

No. 26-40126

amended judgment and his motion to reopen the time for filing a notice of appeal on November 26, 2025. That appeal was opened as No. 25-40772. This was more than 14 days after the district court entered the amended judgment on October 28, 2025, but within the additional 30-day period provided by Federal Rule of Appellate Procedure 4(b)(4). The clerk's office shall consolidate the appeal from the third order denying the motion to reopen the time to file a notice of appeal of the amended judgment into No. 25-40772, which relates to the appeal of the amended judgment. The panel that hears the appeal of the amended judgment (No. 25-40772) should decide whether a limited remand to the district court is necessary to determine whether Bello could show excusable neglect or good cause for his late filing of the notice of appeal. *See, e.g.*, *United States v. Rodriguez*, 308 F. App'x 766, 767 (5th Cir. 2009).

For the foregoing reasons, this appeal is DISMISSED in part for lack of jurisdiction.

All pending motions are DENIED as moot because they relate to the portions of this appeal that have been dismissed for lack of jurisdiction.